FILED

JAMES J. VILT, JR. - CLERK

MAY 23 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                          CRIMINAL NO. 3:23-CR-94-BJB

TERRY SCHULTZ                                              DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America, by Michael A. Bennett, United States Attorney for the Western District of

Kentucky, and defendant, Terry Schultz, and his attorney, Bryce Caldwell, have agreed upon the

following:

1.     Defendant acknowledges that he has been charged in the Indictment in this case

with violations of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A) in

**Count 1**, Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United

States Code, Section 2 in **Count 16** and **Count 19**, Title 21, United States Code, Sections

841(a)(1) and 841(b)(1)(A) in **Count 20**, Title 18, United States Code, Section 924(c)(1)(A) in

**Count 21**, Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 924(e) in **Count 22**.

Defendant further acknowledges that the Indictment in this case seeks forfeiture of any and all

property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as

a result of said offense, and any and all of the defendants' property used, or intended to be used,

in any manner or part, to commit or to facilitate the commission of the violations alleged in the

Third Superseding Indictment pursuant to Title 21, United States Code, Section 853, by reason

of the offenses charged in Counts 1, 16, 19, and 20 of the Third Superseding Indictment, and all

firearms and ammunition involved in the commission of the offenses, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461 by reason of the offenses charged in Counts 21 and 22 of the Third Superseding Indictment.

2.    Defendant has read the charges against him contained in the Third Superseding Indictment, and those charges have been fully explained to him by his attorney.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.    Defendant will enter a voluntary plea of guilty to **Counts 1, 16, 19, 20, 21, and 22** in this case.  Defendant will plead guilty because he is in fact guilty of the charge.  The parties agree to the following factual basis for this plea:

Between on or about January 1, 2021 and August 29, 2023, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant knowingly conspired and agreed with others to possess with the intent to distribute 50 grams or more of methamphetamine and 400 grams or more of a mixture and substance containing a detectable amount of fentanyl.

On August 24, 2023, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, aided and abetted by Carmen Wren, knowingly and intentionally distributed 50 grams or more of methamphetamine.

On August 29, 2023, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, aided and abetted by Carmen Wren, possessed with the intent to distribute 50 grams or more of methamphetamine.

On October 10, 2023, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant possessed with the intent to distribute 50 grams or more of methamphetamine.  He also possessed a firearm, that is, a Smith and Wesson, model SD40 VE, .40 caliber handgun, bearing serial number FBF9719. At the time the defendant possessed the firearm, the defendant was a prohibited person because he had knowledge that he had previously been convicted of a felony offense, as described in the Third Superseding Indictment.  Further, before the defendant committed the offense of possession of a firearm by a prohibited person in this case, he had at least three previous convictions for serious drug offenses committed on occasions different from one another.  Finally, the defendant possessed the firearm in furtherance of drug trafficking.

4. Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 20 years, a combined maximum term of imprisonment of Life, a combined maximum fine of $40,500,000, and term of supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit the items described Paragraph 1, above.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7.     Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.     If defendant persists in a plea of not guilty to the charge[s] against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.     At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.     Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to

4

the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.    Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $600 to the United States District Court Clerk's Office by the date of sentencing.

10.    At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing, if the Court determines the defendant has the ability to pay a fine.[1]

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.  Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

11.    Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A.    The Applicable Offense Level should be determined at sentencing following the completion of the presentence report.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

B.     The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.  The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

C.     The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court.  The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12.   Defendant agrees to the following waivers of appellate and post-conviction rights:

A.  The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B.  The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C.  The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5).  The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for USSG §1B1.13(b)(6) ("Unusually Long Sentence").

13.     Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment.  Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

14.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed.  The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

15.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

17.    Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

18.    The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

19.    It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20.    Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21.    This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats

been made in connection with this plea.


AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_____                    _____
Joshua Porter                                           Date
Assistant United States Attorney


    I have read this Agreement and carefully reviewed every part of it with my attorney.  I
fully understand it and I voluntarily agree to it.

_____                    _____
Terry Schultz                                           Date
Defendant


    I am the defendant's counsel.  I have carefully reviewed every part of this Agreement
with the defendant.  To my knowledge my client's decision to enter into this Agreement is an
informed and voluntary one.

_____                    _____
Bryce Caldwell                                          Date
Counsel for Defendant


MAB:FED

United States Department of Justice
United States Attorney's Office

Financial Disclosure Statement – Individual
Page 1 of 24

The United States of America is authorized to inquire about your financial condition and economic circumstances and may verify any information provided in this Financial Disclosure Statement.

This statement is considered incomplete unless you have (1) completed each section fully and accurately, including those sections applicable to your spouse (if not relevant information, enter "Not Applicable" or "N/A"), (2) provided all supportive documentation in your custody, possession, and control identified in Section 16 of this disclosure statement, (3) certified that the information contained herein is true and correct as of the date that you submit this form to the United States Attorney's Office as set forth in the attached Certification, and (4) initialed the bottom of each page of this form acknowledging that the information you are providing is current, accurate, and complete as of the date that you are submitting it.

I ☐ am ☐ am not *(check one)* represented by counsel in the collection of this debt. If I am represented by counsel, I acknowledge having reviewed the foregoing instructions with my counsel. _____

_____ *(name, phone number, email).*

NOTE: If additional space is needed in completing any of the sections on this statement, please make a copy of the relevant page(s) and attach it to this form.

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. § 301, 901 *(see* Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501–530A; 28 U.S.C. § 1651, 3201–3206; 31 U.S.C. § 3701–3731; 44 U.S.C. § 3101; 31 C.F.R. Part 900 et seq.; 28 C.F.R. § 0.160, 0.171 and Appendix to Subpart Y; and 18 U.S.C. § 3664(d)(3).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the applicable Privacy Act Systems of Records Notice: JUSTICE/DOJ-001 Accounting System for the Department of Justice - 69 FR 31406; JUSTICE/DOJ-016 Debt Collection Enforcement System - 77 FR 9965; JUSTICE/TAX-001 Criminal Tax Case Files, Special Project Files, Docket Cards, and Associated Records - 71 FR 11446, 447; JUSTICE/USA-005 Civil Case Files - 53 FR 1864; and JUSTICE/USA-007 Criminal Case Files - 53 FR 1864. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

My response(s) on this page are current, accurate, and complete as of the date that I submit this Financial Disclosure Statement to the United States Attorney's Office, under penalty of perjury. Debtor's Initials: _____

Financial Disclosure Statement – Individual
Version: July 2023